# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARTIN TRENT STANDEL,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>DC-3443-14-1085-I-1 |
| 　　　　v. | |
| DEPARTMENT OF<br>　　TRANSPORTATION,<br>　　　　　　　Agency. | DATE: June 3, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Martin Trent Standel, Harpers Ferry, West Virginia, pro se.

Lisa A. Holden, and Russell B. Christensen, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　　The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant, an FV-J Supervisory Management & Program Analyst, filed a Board appeal alleging he was denied a promotion in reprisal for filing a discrimination complaint.  Initial Appeal File (IAF), Tab 1 at 3, 5, 7.  The administrative judge issued an order advising the appellant that the Board may lack jurisdiction over his appeal and directing him to file evidence and argument showing that the Board has jurisdiction over the appeal.  IAF, Tab 3.  The appellant did not respond to the jurisdictional order.

¶3        The administrative judge subsequently issued an initial decision dismissing the appeal for lack of jurisdiction.[2]  IAF, Tab 7, Initial Decision (ID) at 3.  She found that the appellant failed to allege circumstances under which the Board would have jurisdiction.  ID at 2.

¶4        The appellant has timely filed a petition for review.  Petition for Review (PFR) File, Tab 1.  In his petition for review, the appellant alleges for the first

---

[2] The appellant did not request a hearing, and the initial decision was decided on the written record.

time that he was demoted from a managerial position to a supervisory position. *See id.* at 2. He further contends that the agency's actions were based on religious discrimination because he is Jewish. *Id.* The agency has filed a response in opposition, and the appellant has replied. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The existence of Board jurisdiction is a threshold issue in adjudicating an appeal and the appellant bears the burden of establishing jurisdiction by a preponderance of the evidence. *Covington v. Department of the Army*, 85 M.S.P.R. 612, ¶ 9 (2000). The Board generally lacks jurisdiction over an appellant's nonselection for a promotion. *Harrell v. U.S. Postal Service*, 112 M.S.P.R. 492, ¶ 11 (2009).

¶6    In his initial appeal, the appellant alleged that he was denied a promotion due to reprisal. IAF, Tab 1 at 3. Specifically, he contended that the agency failed to promote him to a K band position as part of an agency reorganization. *Id.* at 5. He asserted that the agency did not promote him because he had filed a discrimination complaint. *Id.*

¶7    As state above, the appellant did not respond to the administrative judge's order directing him to provide evidence that the Board has jurisdiction over his appeal. IAF, Tab 3. On review, the appellant has failed to provide any additional evidence or argument relating to his original claim that the agency improperly failed to promote him. Because the Board generally lacks jurisdiction over a nonselection for a promotion, and because the appellant has failed to allege circumstances under which the Board could have jurisdiction over his claim, we find that he has failed to make a nonfrivolous allegation of Board jurisdiction. *See Harrell*, 112 M.S.P.R. 492, ¶ 11. Furthermore, in the absence of an otherwise appealable action, we lack jurisdiction to review the appellant's contentions that the agency's action was in retaliation for his having filed an equal employment opportunity complaint or based on religious discrimination. *See Wheeler v.*

*Department of Veterans Affairs*, [88 M.S.P.R. 236](#), ¶ 9 (2001) (an allegation that an agency retaliated against an employee because of the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation, does not provide an independent source of Board jurisdiction); *see also Wren v. Department of the Army*, [2 M.S.P.R. 1](#), 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (absent an otherwise appealable action, the Board lacks jurisdiction over an appellant's claim of prohibited personnel practices).

¶8        Based on the foregoing, we AFFIRM the initial decision dismissing the appeal for lack of jurisdiction.[3]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

---

[3] As previously noted, the appellant contends for the first time on review that he was demoted from a managerial position to a supervisory position. PFR File, Tab 1 at 2.  To the extent the appellant wishes to pursue a demotion claim, he may do so by filing a new appeal with the regional office.  *See Burroughs v. Department of the Army*, [120 M.S.P.R. 392](#), ¶ 9 (2013).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.